SUMMARY ORDER
UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals (“BIA”) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.
Guo Guang Wu, through counsel, petitions for review of the BIA decision affirming the immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history.
Where, as here, the BIA adopted only a portion of the IJ’s decision, this Court reviews that decision as modified by the BIA’s order. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the IJ’s findings of fact, including adverse credibility findings, under the substantial evidence standard. Accordingly, we will vacate findings that are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. See, e.g., Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003). On the other hand we will not reverse a finding (directing entry of the contrary finding), unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. See 8 U.S.C. s 1252(b)(4)(B).
In this case, the adverse credibility finding was supported by substantial evidence in the record. In determining that Wu was not credible, the IJ pointed to Wu’s inconsistent statements regarding the number of times he was fined and the amounts of those fines, and his omission, in his statement in support of his asylum application, of the fact that he had lived, without incident, in Hang Zhou City for three years after his alleged altercation with family planning officials. The IJ also properly relied on the unlikelihood of Wu’s testimony that his wife was able to receive a report regarding her forced sterilization from the hospital that had performed the procedure against her will, and noted that, according to State Department reports on China, it was not likely that Wu’s wife would have received a certificate reflecting that she had undergone an involuntary procedure. Because Wu’s asylum claim was based on his alleged resistance to the coercive family planning policies, the in *399 consistencies between his testimony and his supporting documents involved facts central to Wu’s claim, and, thus, bore a “legitimate nexus” to the IJ’s adverse credibility finding. See Secaida-Rosales, 331 F.3d at 307.
Because Wu is ineligible for asylum, the IJ properly concluded that he could not meet the higher burden of establishing eligibility for withholding of removal. See Secaida-Rosales, 331 F.3d at 306. Furthermore, with regard to the CAT claim, Wu failed to prove that “it is more likely than not that he ... would be tortured if removed to [China],” see 8 C.F.R. 208.16(c)(2), and, therefore, he is not eligible for CAT relief. While the IJ made an adverse credibility finding, the IJ considered all of the proffered evidence and, therefore, gave the CAT claim “individualized treatment.” Ramsameachire, 357 F.3d at 186 (internal quotations omitted).
In his brief, Wu seeks to challenge the IJ’s determination that, had he testified credibly, his wife’s forced sterilization would still not qualify him for asylum because, as a result of the sterilization, the Chinese government would no longer seek to persecute him. Admittedly, the IJ’s conclusion in this regard was incorrect. See Zhang v. U.S. INS, 386 F.3d 66, 72-73 (2d Cir.2004) (following the BIA’s decision, in In re C-Y-Z, 21 I & N Dec. 915, 1997 WL 353222 (BIA 1997) (en banc), to afford refugee status to the spouses of those individuals who have been forcibly sterilized by the Chinese government). However, because Wu did not raise this argument in his appeal to the BIA, he has failed to exhaust it, and this Court lacks jurisdiction to consider it. See Theodoropoulos v. INS, 358 F.3d 162 (2d Cir.2004) (stressing that courts are generally required to strictly enforce statutory exhaustion requirements); see also 8 U:S.C. § 1252(d)(1) (providing that a court may review a final order of removal only if the alien has exhausted all available administrative remedies).
We have considered all of the petitioners’ claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of removal is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).